UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY E. HERRERA, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:22-1992 |
| v. | : | (JUDGE MANNION) |
| JOHN DOE, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

**I.  Background**

Plaintiff, Jeffrey E. Herrera, an inmate confined at the Lackawanna County Prison, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983, seeking damages for "false imprisonment where Petitioner was incarcerated at SCI-Benner Township which took place from 3/2019 to 10/2019." (Doc. 1). The named Defendants are ten (10) Jane and John Does, employed in various positions within the Pennsylvania Board of Probation and Parole, Pennsylvania Department of Corrections and SCI-Benner. Id. Subsequent to the lodging of his complaint, Plaintiff filed an application for leave to proceed *in forma pauperis*. (Doc. 7).

At this time, the Court must review the complaint pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A(a) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which

relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the Court will grant Plaintiff's application for leave to proceed *in forma pauperis* and dismiss the action as barred by claim preclusion and *res judicata*.

## II. Factual Allegations

Plaintiff states that "on or about 2017-2018 an increase to [his] maximum term of imprisonment took place without fair warning [or] notice of hearing, while [Plaintiff] was incarcerated at SCI-Benner Township." (Doc. 1). Plaintiff states that "this increase led to [his] 'over detention' false imprisonment from 3-2019 to 10-7-2019," when he was "abruptly released after serving an additional eighth (8) months." Id. Thus, Plaintiff files the instant action seeking compensatory and punitive damages. Id.

## III. Discussion

The doctrine of preclusion limits a party's ability to raise claims that either were or could have been litigated in a prior action. See Reaves v. Pennsylvania Board of Prob. & Parole, 580 Fed.Appx. 49, 52 (3d Cir. 2014) (unpublished). Claim preclusion, formerly referred to as *res judicata*, bars a claim litigated between the same parties or their privies in earlier litigation

- 2 -

where the claim arises from the same set of facts as a claim adjudicated on the merits in the earlier litigation. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 276 (3d Cir. 2014). *Res judicata* bars not only claims that were brought in the previous action, but also claims that could have been brought. Id. at 277 (citations omitted). "A claim extinguished by *res judicata* includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Id. (citations omitted).

"Claim preclusion requires: (1) a final judgment on the merits in a prior suit involving; (2) the same parties or their [privies]; and (3) a subsequent suit based on the same cause of action." Id. at 276 (citations omitted). When analyzing whether the elements have been met, the court does not apply this conceptual test mechanically, but focuses on the central purpose of the doctrine, to require a plaintiff to present all claims arising out of the same occurrence in a single suit. Id. at 277. This avoids piecemeal litigation and conserves judicial resources. Id. (citations omitted).

The court takes "a broad view of what constitutes the same cause of action and *res judicata* generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." Id. (citations omitted). When analyzing essential similarity, several factors are considered:

- 3 -

(1) whether the acts complained of and the demand for relief are the same; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same; and (4) whether the material facts alleged are the same. See id. (citations omitted). It is not dispositive that a plaintiff asserts a different theory of recovery or seeks different relief in the two actions. Id. (citations omitted); see also Elkadrawy v. Vanguard Grp., 584 F.3d 169, 173 (3d Cir. 2009) ("This analysis does not depend on the specific legal theory invoked, but rather [on] the essential similarity of the underlying events giving rise to the various legal claims.) (internal quotation marks omitted)."

Previously, this Court, after conducting an initial screening, dismissed an identical action, Herrera v. PA Board of Probation and Parole, et al., Civil No. 3:22-CV-1350, 2022 WL 17640205 (M.D. Pa. Dec. 13, 2022).[1] The legal claims and supporting allegations that Plaintiff brings in the instant action are the same claims and allegations previously dismissed by this Court. Id. Also, the requirement that the same parties or their privies be involved is met. In

---

[1] Finding that Plaintiff could not proceed with his claim for money damages without first challenging the underlying conviction and achieving a favorable termination, the Court dismissed Plaintiff's action as barred by Heck v. Humphrey, 512 U.S. 477 (1994). Id. On reconsideration, the Court, found no error in barring Plaintiff's action under Heck and held, alternatively, that even if Plaintiff's action were treated as a civil rights action for damages, it was barred by the applicable two-year statute of limitations. Id.

his previous action, the named Defendants were Agents of the Pennsylvania Department of Probation and Parole; Pennsylvania Department of Corrections; Curt Parkins, Public Defender; Doug Vanston, Public Defender; Kurt Lyons, court appointed counsel; Shane Scanlon, former District Attorney and "other yet to be named Defendants." Id. In the instant action, Plaintiff again names members of the Pennsylvania Board of Probation and Parole and the Pennsylvania Department of Corrections. Although employees of SCI-Benner Township were not named in Plaintiff's previous action, they are in privity with the rest of the named Defendants. "Privity 'is merely a word used to say that the relationship between one who is a party on the record, and another is close enough to include that other within the *res judicata*." Shah v. United States, 540 Fed.Appx. 91, 93 (3d Cir. 2013) (unpublished) (quoting Marran v. Marran, 376 F.3d 143, 151 (3d Cir. 2004) and Equal Employment Opportunity Comm'n v. U.S. Steel Corp., 921 F.2d 489, 493 (3d Cir. 1990). Because "there is privity between officers of the same government," a judgment in one suit between a party and a representative of the United States precludes relitigation of the same issue between that party and a different government officer in a later suit." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402–03, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); see also Nelson v. Brown, 2014 WL 1096189 at *7

- 5 -

(S.D. Cal. 2014) (warden named in habeas petition and correctional officers named in civil rights action in privity).

Finally, in both cases, Plaintiff seeks damages for false imprisonment. The legal claims and supporting allegations that Plaintiff brings in the instant action are the same claims and allegations previously dismissed by this Court. Thus, the conditions for claim preclusion are satisfied and, hence, Plaintiff's claims are barred. This Court may dismiss, *sua sponte*, claims barred by claim preclusion. See King v. East Lampeter Twp., 69 Fed.Appx. 94 (3d Cir. 2003) (appellate court affirmed district court's *sua sponte* dismissal of complaint on grounds of *res judicata*).

## IV. Conclusion

For the foregoing reasons, the Court will grant Plaintiff's application to proceed *in forma pauperis* and dismiss the complaint as barred by reason of *res judicata* and claim preclusion.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 18, 2023**
22-1992-01